Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice CA 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S, INC, individually and doing business as "MACYS.COM" and "BLOOMINGDALE'S," a Delaware Corporation; NORDSTROM, INC., a Washington Corporation; BELK, INC., a Delaware Corporation; SAKS, INC., individually and doing business as "SAKS FIFTH AVENUE OFF 5TH" and "HUDSON BAY," a Tennessee Corporation; THE BUCKLE, INC., a Nebraska Corporation; EMINENT, INC., individually and doing business as "REVOLVE CLOTHING," a Delaware Corporation; LORD & TAYLOR, INC., a Pennsylvania Corporation; ZAPPOS MERCHANDISING, INC., a Delaware Corporation; KARMALOOP, LLC, a Massachusetts Limited Liability | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT;<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

- 1 -

Company; KITSCH COUTURE, INC., a California Corporation; SEASIDE ASSOCIATED STORES, INC., a Florida Corporation; URBAN RENDEZVOUS, a Texas Corporation; BEHIND THE GLASS, INC., an Alabama Corporation; BRAVE NEW WORLD, INC., a New Jersey Corporation; THE COPPER PENNY, LLC, a South Carolina Limited Liability Company; MUSTIQUE, a New York business entity of form unknown; HERITAGE SURF AND SPORT, a New Jersey business entity of form unknown; WINK BOUTIQUE LLC, a New Jersey Limited Liability Company; MIKA OVERSEAS CORPORATION, a New York Corporation; SANDRA SHELTON, INC., individually and doing business as "PANGAEA," a Tennessee Corporation; VELVET LOUNGE, a Maryland business entity of form unknown; VON MAUR, INC., an Illinois Corporation; SOJOURN CLOTHIER, INC., a Washington Corporation; WYCKOFF IVY SHOP, INC., a New Jersey Corporation; ROBERT FOX, INC., individually and doing business as "FOX'S", a New York Corporation; GOOFY LOOFAH, INC., individually and doing business as "HEARTFUL," a California Corporation; GSM INVESTMENTS, LLC, individually and doing business as "QUIET FLIGHT SURF SHOP," a Florida Limited Liability Company; RETAIL CONVERGENCE, INC., a Delaware Corporation; HARVEST TIME INTERNATIONAL, INC., individually and doing business as "LOVE'S CREATION," a Florida Corporation; OOH LA LA, INC., a New York Corporation; LONE STAR JEANS,

- 2 -

a New York business entity of form unknown; WHY KNOT SANIBEL, INC., a Maryland Corporation; OUT OF THE BLUE CLOTHING, INC., a New York Corporation; STALHI LLC, a Florida Limited Liability Company; DEES DEPARTMENT STORE, INC., a Mississippi Corporation; PINK SALOON, LLC, a Kansas Limited Liability Company; ANNAWEAR, INC., a North Carolina Corporation; AH HA, LLC, a Louisiana Limited Liability Company; ATLANTIC BEACH SURF SHOP, INC., a North Carolina Corporation; PERSIMMON, LLC, a Hawaii Limited Liability Company; CARGO BAY, INC., a Connecticut Corporation; ARABELLA, INC., a New York Corporation; STACEY RHODES BOUTIQUE, LLC, a Tennessee Limited Liability Company; HAYSTACKS, LLC, a Michigan Limited Liability Company; ANNIE SEZ, INC., a New Jersey Corporation; ROSIE TRUE, INC., a Florida Corporation; BLEND FASHIONS, LLC, a Utah Limited Liability Company; FASHION ROCKS LLC, a New Jersey Limited Liability Company; BEYOND THE CURL, LLC, individually and doing business as "SHE BE SURFIN'," a New Jersey Limited Liability Company; MONSOON FASHIONS, a Maryland business entity of form unknown; CHIC COUTURE-BY JENNIFER BURGESS, LLC, individually and doing business as "CHIC COUTURE," a Colorado Limited Liability Company; SEEDSTORE, a California business entity of form unknown; LUCCA, LLC, an Alabama Limited Liability Company; DESTIN

- 3 -

THREADS, LLC, a Florida Limited Liability Company; BOP LLC, individually and doing business as "SHOPBOP.COM," a Wisconsin Limited Liability Company; SYLVIA'S, a Texas business entity of form unknown; TANGO BAY, a South Carolina business entity of form unknown; BIDDY BOUTIQUE, a Georgia business entity of form unknown; RAGS OF RYE, INC., a New York Corporation; 4 PLAYBK INC., a New York Corporation; THE OPEN DOOR, a North Carolina business entity of form unknown; THE BOUTIQUE, a Texas business entity of form unknown; BRANFORD CO., a New York business entity of form unknown; RUBY'S, a California business entity of form unknown; ALTITUDE, a Wyoming business entity of form unknown; and DOES 1-10,

Defendants.

Plaintiff UNICOLORS, INC. (hereinafter "Unicolors"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Unicolors creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the fashion industry. Unicolors owns these designs in exclusivity and makes sales of products bearing these designs for profit. Unicolors' business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically appealing designs. Ongoing and

potential customers of Unicolors obtain design samples from the company with the understanding and agreement that they will utilize only Unicolors to reproduce said designs should they wish to do so, and will not seek to print the designs elsewhere, or make minor changes to Unicolors' proprietary work to reproduce the same elsewhere. Despite this agreement, and Unicolors' exclusive ownership of the copyrights in its designs, parties will still exploit and print Unicolors' exclusive designs through third parties domestically and abroad. The defendants in this case have imported, purchased and sold without permission product bearing Plaintiff's proprietary, registered textile design.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff UNICOLORS, INC. ("Plaintiff" or "Unicolors") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 3251 East 26th Street, Vernon, California 90058.

5. Plaintiff is informed and believes and thereon alleges that Defendant MACY'S, INC, individually and doing business as "MACYS.COM" and "BLOOMINGDALE'S" (collectively, "MACYS"), is a Delaware Corporation, with its principal place of business located at 7 W Seventh St., Cincinnati, OH 45202, and is doing business with the state of California.

- 5 -

6. Plaintiff is informed and believes and thereon alleges that Defendant NORDSTROM, INC. ("NORDSTROM") is a Washington Corporation, with its principal place of business located at 1700 Seventh Avenue, Seattle, WA 98101, and is doing business with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant BELK, INC. ("BELK") is a Delaware Corporation, with its principal place of business located at 2801 W Tyvola Rd., Charlotte, NC 28217, and is doing business with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant SAKS, INC., individually and doing business as "SAKS FIFTH AVENUE OFF 5TH" and "HUDSON BAY" (collectively, "SAKS"), is a Tennessee Corporation, with its principal place of business located at 12 East 49th St., New York, NY 10017, and is doing business with the state of California.

9. Plaintiff is informed and believes and thereon alleges that Defendant THE BUCKLE, INC. ("BUCKLE") is a Nebraska Corporation, with its principal place of business located at 2407 West 24th St., Kearney, NE 68845, and is doing business with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant EMINENT, INC., individually and doing business as "REVOLVE CLOTHING" (collectively, "REVOLVE"), is a Delaware Corporation, with its principal place of business located at 16800 Edwards Rd., Cerritos, CA 90703, and is doing business with the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant LORD & TAYLOR, INC. ("LORD") is a Pennsylvania Corporation, with its principal place of business located at 424 5th Ave., New York, NY 10018, and is doing business with the state of California.

COMPLAINT

12. Plaintiff is informed and believes and thereon alleges that Defendant ZAPPOS MERCHANDISING, INC. ("ZAPPOS") is a Delaware Corporation, with its principal place of business located at 400 E. Stewart Ave., Las Vegas, NV 89101, and is doing business with the state of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant KARMALOOP, LLC ("KARMALOOP") is a Massachusetts Limited Liability Company, with its principal place of business located at 334 Boylston St., Boston, MA 02116, and is doing business with the state of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant KITSCH COUTURE, INC. ("KITSCH") is a California Corporation, with its principal place of business located at 10 N Santa Cruz Ave., Los Gatos, CA 95030.

15. Plaintiff is informed and believes and thereon alleges that Defendant SEASIDE ASSOCIATED STORES, INC. ("SEASIDE") is a Florida Corporation, with its principal place of business located at 178 Market St., Santa Rosa Beach, FL 32459, and is doing business with the state of California.

16. Plaintiff is informed and believes and thereon alleges that Defendant URBAN RENDEZVOUS ("URBAN REND") is a Texas Corporation, with its principal place of business located at 4771 Sweetwater Blvd., Sugar Land, TX 77479, and is doing business with the state of California.

17. Plaintiff is informed and believes and thereon alleges that Defendant BEHIND THE GLASS, INC. ("BEHIND") is an Alabama Corporation, with its principal place of business located at 168 East Magnolia Ave., Auburn, AL 36830, and is doing business with the state of California.

18. Plaintiff is informed and believes and thereon alleges that Defendant BRAVE NEW WORLD, INC. ("BRAVE") is a New Jersey Corporation, with its principal place of business located at 506 New York Ave., Point Pleasant Beach, NJ 08742, and is doing business with the state of California.

COMPLAINT

19. Plaintiff is informed and believes and thereon alleges that Defendant THE COPPER PENNY, LLC ("COPPER") is a South Carolina Limited Liability Company, with its principal place of business located at 280 W. Coleman Blvd., Mt Pleasant, SC 29464, and is doing business with the state of California.

20. Plaintiff is informed and believes and thereon alleges that Defendant MUSTIQUE ("MUSTIQUE") is a New York business entity of form unknown, with its principal place of business located at 110 Main St., Westhampton Beach, NY 11978, and is doing business with the state of California.

21. Plaintiff is informed and believes and thereon alleges that Defendant HERITAGE SURF AND SPORT ("HERITAGE") is a New Jersey business entity of form unknown, with its principal place of business located at 9223 Ventnor Ave., Margate, NJ 08402, and is doing business with the state of California.

22. Plaintiff is informed and believes and thereon alleges that Defendant WINK BOUTIQUE LLC ("WINK") is a New Jersey Limited Liability Company, with its principal place of business located at 2 E Hollybanks Ln., Long Beach Township, NJ 08008, and is doing business with the state of California.

23. Plaintiff is informed and believes and thereon alleges that Defendant MIKA OVERSEAS CORPORATION ("MIKA") is a New York Corporation, with its principal place of business located at 315 5th Ave., New York City, NY 10016, and is doing business with the state of California.

24. Plaintiff is informed and believes and thereon alleges that Defendant SANDRA SHELTON, INC., individually and doing business as "PANGAEA" (collectively, "PANGAEA"), is a Tennessee Corporation, with its principal place of business located at 1721 21st Ave. South, Nashville, TN 37212 , and is doing business with the state of California.

25. Plaintiff is informed and believes and thereon alleges that Defendant VELVET LOUNGE ("VELVET") is a Maryland business entity of form unknown,

with its principal place of business located at 203 N. Market St., Frederick, MD 21701, and is doing business with the state of California.

26. Plaintiff is informed and believes and thereon alleges that Defendant VON MAUR, INC. ("VON") is an Illinois Corporation, with its principal place of business located at 6565 Brady St., Davenport, IA 52806, and is doing business with the state of California.

27. Plaintiff is informed and believes and thereon alleges that Defendant SOJOURN CLOTHIER, INC. ("SOJOURN") is a Washington Corporation, with its principal place of business located at 1317 Railroad Ave., Bellingham, WA 98225, and is doing business with the state of California.

28. Plaintiff is informed and believes and thereon alleges that Defendant WYCKOFF IVY SHOP, INC. ("WYCKOFF") is a New Jersey Corporation, with its principal place of business located at 386 Franklin Ave., Wyckoff, NJ 07481, and is doing business with the state of California.

29. Plaintiff is informed and believes and thereon alleges that Defendant ROBERT FOX, INC., individually and doing business as "FOX'S" (collectively, "FOXS"), is a New York Corporation, with its principal place of business located at 79 Main St., Mineola, NY 11501, and is doing business with the state of California.

30. Plaintiff is informed and believes and thereon alleges that Defendant GOOFY LOOFAH, INC., individually and doing business as "HEARTFUL" (collectively, "HEARTFUL"), is a California Corporation, with its principal place of business located at 1137 W 9th St., San Pedro, CA 90731.

31. Plaintiff is informed and believes and thereon alleges that Defendant GSM INVESTMENTS, LLC, individually and doing business as "QUIET FLIGHT SURF SHOP" (collectively, "QUIET"), is a Florida Limited Liability Company, with its principal place of business located at 117 Waterworks Way, Irvine CA 92618, and is doing business with the state of California.

32. Plaintiff is informed and believes and thereon alleges that Defendant RETAIL CONVERGENCE, INC. ("CONVERGENCE") is a Delaware Corporation, with its principal place of business located at 20 Channel Center, Boston, MA 02210, and is doing business with the state of California.

33. Plaintiff is informed and believes and thereon alleges that Defendant HARVEST TIME INTERNATIONAL, INC., individually and doing business as "LOVE'S CREATION" (collectively, "LOVE'S CREATION"), is a Florida Limited Liability Company, with its principal place of business located at 225 Kennel Road, Sanford, FL 32771, and is doing business with the state of California.

34. Plaintiff is informed and believes and thereon alleges that Defendant OOH LA LA, INC. ("OOH LA LA") is a New York Corporation, with its principal place of business located at 134 Park Ave., Long Beach, NY 11561, and is doing business with the state of California.

35. Plaintiff is informed and believes and thereon alleges that Defendant LONE STAR JEANS ("LONE STAR") is a New York business entity of form unknown, with its principal place of business located at 346 W. 14th St., New York, NY 10014, and is doing business with the state of California.

36. Plaintiff is informed and believes and thereon alleges that Defendant WHY KNOT SANIBEL, INC. ("WHY KNOT") is a Maryland Corporation, with its principal place of business located at 2340 Perrywinkle Way, Sanibel, FL 33957, and is doing business with the state of California.

37. Plaintiff is informed and believes and thereon alleges that Defendant OUT OF THE BLUE CLOTHING, INC. ("OUT OF BLUE") is a New York Corporation, with its principal place of business located at 280 N. Beatford Rd., Mount Kisko, NY 10549, and is doing business with the state of California.

38. Plaintiff is informed and believes and thereon alleges that Defendant STALHI LLC ("STALHI") is a Florida Limited Liability Company, with its

- 10 -

principal place of business located at 1350 City View Center, Oviedo, FL 32765, and is doing business with the state of California.

39. Plaintiff is informed and believes and thereon alleges that Defendant DEES DEPARTMENT STORE, INC. ("DEES") is a Mississippi Corporation, with its principal place of business located at 411 Church Ave., Philadelphia, MS 39350, and is doing business with the state of California.

40. Plaintiff is informed and believes and thereon alleges that PINK SALOON, LLC ("PINK") is a Kansas Limited Liability Company, with its principal place of business located at 4730 East Douglas, Wichita, KS 67208, and is doing business with the state of California.

41. Plaintiff is informed and believes and thereon alleges that ANNAWEAR, INC. ("ANNA") is a North Carolina Corporation, with its principal place of business located at 355 Main St., Highlands, NC 28741, and is doing business with the state of California.

42. Plaintiff is informed and believes and thereon alleges that AH HA, LLC ("AH HA") is a Louisiana Limited Liability, with its principal place of business located at 3129 Magazine St., New Orleans, LA 70115, and is doing business with the state of California.

43. Plaintiff is informed and believes and thereon alleges that ATLANTIC BEACH SURF SHOP, INC. ("ATLANTIC") is a North Carolina Corporation, with its principal place of business located at 515 W. Fort Macon Rd., Atlantic Beach, NC 28512, and is doing business with the state of California.

44. Plaintiff is informed and believes and thereon alleges that PERSIMMON, LLC ("PERSIMMON") is a Hawaii Limited Liability Company, with its principal place of business located at 201 Waikoloa Beach Drive, Waikoloa, HI 96738, and is doing business with the state of California.

45. Plaintiff is informed and believes and thereon alleges that CARGO BAY, INC. ("CARGO BAY") is a Connecticut Corporation, with its principal place of business located at 1561 Post Rd., Fairfield, CT 06824, and is doing business with the state of California.

46. Plaintiff is informed and believes and thereon alleges that ARABELLA, INC. ("ARABELLA") is a New York Corporation, with its principal place of business located at 1156 Main St., Branford, CT 06405, and is doing business with the state of California.

47. Plaintiff is informed and believes and thereon alleges that STACEY RHODES BOUTIQUE, LLC ("STACEY") is a Tennessee Limited Liability Company, with its principal place of business located at 144 Franklin Rd., Brentwood, TN 37027, and is doing business with the state of California.

48. Plaintiff is informed and believes and thereon alleges that HAYSTACKS, LLC ("HAYSTACKS") is a Michigan Limited Liability Company, with its principal place of business located at 109 W. Fourth St., Suttons Bay, MI 49682, and is doing business with the state of California.

49. Plaintiff is informed and believes and thereon alleges that ANNIE SEZ, INC. ("ANNIE") is a New Jersey Corporation, with its principal place of business located at 12 Vreeland Ave., Totawa, NJ 07512, and is doing business with the state of California.

50. Plaintiff is informed and believes and thereon alleges that ROSIE TRUE, INC. ("ROSIE") is a Florida Corporation, with its principal place of business located at 1949 San Marco Blvd., Jacksonville, FL 32207, and is doing business with the state of California.

51. Plaintiff is informed and believes and thereon alleges that BLEND FASHIONS, LLC ("BLEND") is a Utah Limited Liability Company, with its

COMPLAINT

principal place of business located at 575 E. University Parkway, Orem, UT 84094, and is doing business with the state of California.

52. Plaintiff is informed and believes and thereon alleges that FASHION ROCKS LLC ("FASHION ROCKS") is a New Jersey Limited Liability Company, with its principal place of business located at 1906 RTE 70E, Cherry Hill, NJ 08003, and is doing business with the state of California.

53. Plaintiff is informed and believes and thereon alleges that BEYOND THE CURL, LLC, individually and doing business as "SHE BE SURFIN'" (collectively, "BEYOND THE CURL"), is a New Jersey Limited Liability Company, with its principal place of business located at 1430 Stagecoach Rd., Ocean View, NJ 08230, and is doing business with the state of California.

54. Plaintiff is informed and believes and thereon alleges that MONSOON FASHIONS ("MONSOON") is a Maryland business entity of form unknown, with its principal place of business located at 2115 West Zion Rd., Salisbury, MD 21801, and is doing business with the state of California.

55. Plaintiff is informed and believes and thereon alleges that CHIC COUTURE-BY JENNIFER BURGESS, LLC, individually and doing business as "CHIC COUTURE" (collectively, "CHIC COUTURE"), is a Colorado Limited Liability Company, with its principal place of business located at 7600 Park Meadows Dr., Lone Tree, CO 80124, and is doing business with the state of California.

56. Plaintiff is informed and believes and thereon alleges that SEEDSTORE ("SEEDSTORE") is a California business entity of form unknown, with its principal place of business located at 212 Clement St., San Francisco, CA 94118.

57. Plaintiff is informed and believes and thereon alleges that LUCCA, LLC ("LUCCA") is an Alabama Limited Liability Company, with its principal place of

COMPLAINT

business located at 4776 Main St., Orange Beach, AL 36561, and is doing business with the state of California.

58. Plaintiff is informed and believes and thereon alleges that DESTIN THREADS, LLC ("DESTIN") is a Florida Limited Liability Company, with its principal place of business located at 10 Portofino Dr., Pensacola Beach, FL 32561, and is doing business with the state of California.

59. Plaintiff is informed and believes and thereon alleges that BOP LLC, individually and doing business as "SHOPBOP.COM" (collectively, "DESTIN"), is a Wisconsin Limited Liability Company, with its principal place of business located at 1245 East Washington Ave., Madison, WI 53703, and is doing business with the state of California.

60. Plaintiff is informed and believes and thereon alleges that SYLVIA'S ("SYLVIA") is a Texas business entity of form unknown, with its principal place of business located at 4300 N. 10th St., McAllen, TX 78504, and is doing business with the state of California.

61. Plaintiff is informed and believes and thereon alleges that TANGO BAY ("TANGO") is a South Carolina business entity of form unknown, with its principal place of business located at 1406-B Commerce Pl., Myrtle Beach, SC 29577, and is doing business with the state of California.

62. Plaintiff is informed and believes and thereon alleges that BIDDY BOUTIQUE ("BIDDY BOUTIQUE") is a South Carolina business entity of form unknown, with its principal place of business located at 116 Court St., Calhoun, GA 30701, and is doing business with the state of California.

63. Plaintiff is informed and believes and thereon alleges that RAGS OF RYE, INC. ("RAGS") is a New York Corporation, with its principal place of business located at 130 Apawamis Ave., Rye, NY 10580, and is doing business with the state of California.

64. Plaintiff is informed and believes and thereon alleges that 4 PLAYBK INC. ("PLAYBK") is a New York Corporation, with its principal place of business located at 360 7th Ave., Brooklyn, NY 11215, and is doing business with the state of California.

65. Plaintiff is informed and believes and thereon alleges that THE OPEN DOOR ("THE OPEN DOOR") is a South Carolina business entity of form unknown, with its principal place of business located at 35 Haywood St., Asheville, NC 28801, and is doing business with the state of California.

66. Plaintiff is informed and believes and thereon alleges that THE BOUTIQUE ("THE BOUTIQUE") is a Texas business entity of form unknown, with its principal place of business located at 2102 W. Wadley Ave., Midland, TX 79705, and is doing business with the state of California.

67. Plaintiff is informed and believes and thereon alleges that BRANFORD CO. ("BRANFORD") is a New York business entity of form unknown, with its principal place of business located at 529 W. 20th St., New York, NY 10011, and is doing business with the state of California.

68. Plaintiff is informed and believes and thereon alleges that RUBY'S ("RUBY'S") is a California business entity of form unknown, with its principal place of business located at 1858 Montgomery Ave., Oroville, CA 95965.

69. Plaintiff is informed and believes and thereon alleges that ALTITUDE ("ALTITUDE") is a Wyoming business entity of form unknown, with its principal place of business located at 35 W. Delouey St., Jackson, WY 83001, and is doing business with the state of California.

70. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-5, inclusive, is a manufacturer and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and

other product printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement.

71. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

72. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO PE1130

73. Plaintiff owns a United States Copyright Registration covering a two-dimensional textile design it has internally designated as "PE1130" ("Subject Design"). A true and correct copy of Subject Design is set forth and identified hereinbelow. This design was offered for sale prior to the acts complained of herein, and is owned exclusively by the Plaintiff.

- 16 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SUBJECT DESIGN:



74. Plaintiff's investigation revealed that the above-named Defendants, and certain DOE Defendants, were purchasing, marketing, distributing, and/or selling for profit garments that bore a textile print that was substantially similar to, and copied from, the Subject Design (hereinafter "Accused Product"). Such Accused Product include, but are not limited to garments sold by Defendants, and each of them, bearing a "Free People" label under Style No. F656Y499. Below is an exemplar of an Accused Product with tags, an exemplar that is not meant to be inclusive of all

- 17 -

garments that infringe the Subject Design that were distributed, or are being distributed, and were or are being sold by Defendants, and each of them:

<u>EXEMPLAR OF ACCUSED PRODUCT</u>:



75. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, obtained the Accused Product, and or materials to create same, from Urban Outfitters, Inc., dba Free People, LLC, and sold Accused Product to DOE Defendants.

76. Prior to the alleged infringement, Plaintiff had formatted the Subject Design for use on textiles, sampled the Subject Design to prospective customers and negotiated sales of fabric bearing Subject Design.

77. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported or distributed Accused Product

or fabric or garments comprised of fabric featuring a design which is identical to, or substantially similar to, the Subject Design.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants)

78. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

79. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to legitimate Unicolors fabric in the marketplace; and (d) access to Plaintiff's strike-offs and samples.

80. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) have an ongoing business relationship with the retailer Defendants, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Design.

81. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling fabric and/or garments which infringe the Subject Design through a nationwide network of retail stores and on-line outlets.

82. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

83. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

84. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

85. Plaintiff is informed and believes and thereon alleges that the infringement of Unicolors' copyrighted design was willful, reckless, and/or in blatant disregard for Unicolors' rights as a copyright holder, and as such, claims willful, exemplary and enhanced statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

86. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

87. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of product featuring the Subject Design as alleged hereinabove.

88. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they

- 20 -

COMPLAINT

had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

89. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

90. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

91. Plaintiff is informed and believes and thereon alleges that the infringement of Unicolors' copyrighted designs was willful, reckless, and/or in blatant disregard for Unicolors' rights as a copyright holder, and as such, claims willful, exemplary and enhanced statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

1. With Respect to Each Claim for Relief

    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of

- 21 -

1      trial, or, if elected before final judgment, statutory damages as available

2      under the Copyright Act, 17 U.S.C. § 101 et seq.;

3    c.  That Plaintiff be awarded additional, enhanced, and elevated damages

4      given the reckless and willful nature of the acts alleged;

5    d.  That Plaintiff be awarded its attorneys' fees as available under the

6      Copyright Act U.S.C. § 101 et seq.;

7    e.  That Defendants, and each of them, account to Plaintiff for their profits

8      and any damages sustained by Plaintiff arising from their acts of

9      infringement;

10    f.  That Plaintiff be awarded pre-judgment interest as allowed by law;

11    g.  That Plaintiff be awarded the costs of this action;

12    h.  That Plaintiff be awarded general and special damages; and

13    i.  That Plaintiff be awarded such further legal and equitable relief as the

14      Court deems proper.

15  A TRIAL BY JURY PURSUANT TO FED. R. CIV. P. 38 AND

16  CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

17

18                    Respectfully submitted,

19

20  Date: November 5, 2014    By:   */s/ Scott A. Burroughs*

21                    Scott A. Burroughs, Esq.

22                    Trevor W. Barrett, Esq.

                         Attorneys for Plaintiff

23

24

25

26

27

28