MILES D. SCULLY (SBN: 135853)
  Email: mscully@gordonrees.com
TARA L. MARTIN (SBN: 189168)
  Email: tmartin@gordonrees.com
GORDON & REES LLP
2211 Michelson Drive, Suite 400
Irvine, CA 92612
Telephone: (949) 255-6950
Facsimile: (949) 474-2060

Attorneys for Nonparty
URBAN OUTFITTERS, INC.,
a Pennsylvania corporation

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICOLORS, INC., a California Corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>MACY'S, INC., individually and doing business as "MACYS.COM" and "BLOOMINGDALE'S, a Delaware Corporation, et al.<br><br>　　　　　　　Defendant. | CASE NO. 14-CV-08611 RGK (SSx)<br><br>Judge: R. Gary Klausner<br>Courtroom 850<br><br>**NONPARTY URBAN OUTFITTERS, INC.'S NOTICE OF MOTION AND MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**<br><br>[*Filed Concurrently with Declaration of Tara L. Martin*]<br><br>**Date:　December 29, 2014**<br>**Time:　9:00 a.m.**<br>**Courtroom: 850** |

TO THE HONORABLE COURT, PLAINTIFF, AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on December 29, 2014 at 9:00 a.m. in Courtroom 850 of the above-entitled court, located at 255 E. Temple Street, Los Angeles, California 90012, non-party Urban Outfitters, Inc. ("Urban"), will and hereby does move the Court, pursuant to Federal Rule of Civil Procedure 24, to intervene in the instant lawsuit for the limited purpose of moving the court to dismiss the complaint.

This motion is made on the grounds that (1) Urban has a clear interest in this litigation; (2) disposing of this action in Urban's absence will impair Urban's ability to protect that interest; (3) the named defendants in this case do not adequately represent Urban's interest; and (4) Urban has claims and defenses that share common questions of law and fact with the instant litigation.

Specifically, Plaintiff is already litigating the claims at issue in the present lawsuit against Urban in the case of *Unicolors, Inc. v. Urban Outfitters, Inc., et al.*, United States District Court, Central District of California, Case No. CV14-01029 SJO ("*Unicolors I*"). The two lawsuits involve the alleged infringement of the same right, depend on the same evidence, and arise out of the same transactional nucleus of facts. Plaintiff alleges that Urban is vicariously liable for all damages prayed for in the present case, and identified the named defendants in the present case based on the discovery responses provided by Urban in *Unicolors I.*

This motion is based on the attached Memorandum of Points and Authorities, the Declaration of Tara L. Martin and accompanying Motion to Dismiss, the papers and evidence on file in this case, and such evidence and argument as may be presented at the hearing.

///
///
///

1    This motion is made following the conference of counsel pursuant to Local
2    Rule 7-3, which took place on November 12, 2014, and November 19, 2014
3    (Declaration of Tara L Martin, ¶¶ 14–16).

5    Dated: November 26, 2014            GORDON & REES LLP

6                                By:    */s/ Tara L. Martin*
7                                       Miles D. Scully
                                        Tara L. Martin
8                                       Attorneys for Defendant in
                                        Intervention URBAN OUTFITTERS,
9                                       INC., a Pennsylvania corporation

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

# **TABLE OF CONTENTS**

Page No.

I. INTRODUCTION ........................................................................................... 1

II. RELEVANT FACTS AND PROCEDURAL BACKGROUND .................... 3

   A. Per Local Rule 7-3, Urban Met and Conferred with Plaintiff Prior to Filing this Motion. ............................................................................... 7

III. ARGUMENT .................................................................................................. 8

   A. Urban Meets the Criteria Required to Intervene in this Case. ..................... 8

      1. This Motion is Timely. ................................................................... 9

      2. Urban has a Clear Interest in this Litigation. ................................. 9

      3. Disposing of this Action May Impair Urban's Ability to Protect its Interest. ......................................................................................... 10

      4. The Existing Downstream Retailer Defendants do Not Adequately Represent Urban's Interest. ........................................................... 11

      5. Urban Has Claims and Defenses Which Share Common Questions of Law and Fact with this Litigation. ........................................... 11

IV. CONCLUSION ............................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page No.**

**Cases**

*League of United Latin Am. Citizens v. Wilson*
   131 F.3d 1297 (9th Cir. 1997) ............................................................................... 9

*Transgo, Inc. v. Ajac Transmission Parts, Corp.*
   768 F.2d 1001 (9th Cir. 1985) ............................................................................... 5

*United States v. Oregon*
   (9th Cir. 1990) 913 F.2d 576 ................................................................................. 9

**Statutes**

17 United States Code
   Section 504 ............................................................................................................ 5

28 United States Code
   Section 1927 .......................................................................................................... 7

**Rules**

Federal Rule of Civil Procedure
   Rule 15 ............................................................................................................. 2, 7

Federal Rule of Civil Procedure
   Rule 24 ............................................................................................................. 1, 8

Federal Rule of Civil Procedure
   Rule 26 .................................................................................................................. 8

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Non-party Urban Outfitters, Inc. ("Urban"), moves the Court, pursuant to Fed. R. Civ. P. 24, to intervene in the instant lawsuit for the limited purpose of moving the Court to dismiss the complaint, which complaint reasserts, identically, the same issues already being litigated in *Unicolors, Inc. v. Urban Outfitters, Inc.*, et al., United States District Court, Central District of California, Case No. CV14-01029 SJO ("*Unicolors I*"). A true and correct copy of Urban's Motion to Dismiss based on Plaintiff's impermissible attempt at claim splitting is attached to the Declaration of Tara L. Martin ("Martin Decl.") as Exhibit A.

Plaintiff initiated the instant lawsuit on November 5, 2014 by filing a complaint identical to the complaint on file in the *Unicolors I* action, with the only difference being the named defendants in the instant action. More specifically, the sixty-five (65) named defendants in the instant action were identified as "Doe Defendants" in the *Unicolors I* action, and their identities were disclosed by Urban in response to discovery propounded by Plaintiff in *Unicolors I* approximately three and a half months before Plaintiff filed the instant action. Rather than amend the Complaint in the *Unicolors I* action to identify the Doe Defendants, Plaintiff has initiated the present suit. Both actions seek the same relief, are based on the sale and distribution of the same specific dress ("Accused Product"), and concern the sales of the exact same units of the Accused Product, which Accused Product purportedly bears a design that infringes on Plaintiff's two-dimensional textile design designated as "PE1130" (the "Subject Design").

The *Unicolors I* complaint seeks damages in the form of disgorgement of profits from Urban as the manufacturer, distributor, and wholesaler/retailer of each and every unit of sales of the Accused Product, including disgorgement of profits from Urban's downstream retailers (the "Downstream Retailers"). The instant complaint likewise seeks damages in the form of disgorgement of profits from

1  Urban's Downstream Retailers – again, the same Downstream Retailers who are
2  identified as Doe Defendants in the *Unicolors I* complaint and whose identities
3  were disclosed to Plaintiff by Urban in discovery in the *Unicolors I* action.

4      Rather than seeking to amend the *Unicolors I* complaint to properly identify
5  the Doe Defendants in accordance with Fed. R. Civ. P. 15(a)(2), Plaintiff
6  impermissibly attempts to split its claims and prosecute them piecemeal in two
7  separate actions, while all along continuing to assert that Urban is vicariously
8  liable for the infringing conduct of all of the Downstream Retailer defendants in
9  the *Unicolors I* action. (Complaint, ¶ 25, Dkt. No. 1, *Unicolors I*).

10      Urban has a clear interest in this litigation. As of November 25, 2014, at
11  least seven (7) of the Downstream Retailer defendants have already demanded that
12  Urban indemnify them against the claims asserted in the instant action. (Martin
13  Decl., ¶ 4). As Plaintiff has asserted, Urban has an alleged contractual and
14  statutory duty to indemnify all of the Downstream Retailers in the instant action.

15      The evidence that Urban will present to prove, among other things, that (1)
16  Plaintiff's copyright is invalid; (2) to establish that Urban had no access to the
17  purportedly-copyrighted design; (3) to show that the design on the Accused
18  Product is neither the same nor substantially similar to the purportedly-copyrighted
19  design; and, (4) that there was no willful conduct is the same evidence Urban
20  and/or the Downstream Retailers will present to defend against Plaintiff's claims in
21  both cases. The Downstream Retailers, however, will be severely limited in their
22  ability to gather and present such evidence in the absence of Urban's participation
23  in this litigation since they had no involvement in the creation or manufacture of
24  the Accused Product and instead merely purchased the Accused Product wholesale
25  from Urban after it was created and manufactured.

26      With claims and defenses that share common questions of law and fact with
27  this action, and a clear interest in this litigation that only Urban can adequately
28  protect, Urban must be permitted to intervene in this case.

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

-2-

MOTION TO INTERVENE                                             CASE NO. 14-CV-08611 RGK (SSx)

## II. RELEVANT FACTS AND PROCEDURAL BACKGROUND

On February 10, 2014, Plaintiff filed its complaint in *Unicolors I* against Urban, Century 21 Department Stores, LLC ("Century 21"), and DOES 1–10. (*Unicolors I*, Dkt. No. 1). The *Unicolors I* complaint alleges that DOES 6–10 "are other parties not yet identified who have infringed on Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein." (Complaint, ¶ 7, Dkt. No. 1, *Unicolors I*). The *Unicolors I* complaint further asserts:

- All of the Defendants "were purchasing, marketing, distributing, and/or selling for profit garments that bore a textile print that was substantially similar to, and/or copied from, the Subject Design";
- Urban "sold [the] Accused Produced to DOE Defendants"; and
- Defendants … are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct."

(Complaint, ¶¶ 11–12, 25, Dkt. No. 1, *Unicolors I*).

On April 3, 2014, Plaintiff's counsel emailed defense counsel to meet and confer regarding the parties' Joint Rule 26 Report in *Unicolors I*. (Martin Decl., ¶ 6). Attached to that email was a proposed draft of the joint report and schedule of pretrial dates, in which Plaintiff proposed **May 16, 2014** as the last day to amend pleadings or add parties. (*Ibid.*) In relevant part, Plaintiff's draft of the joint report read as follows:

> Plaintiff does not anticipate that additional parties will be added to the case; however, should discovery reveal that any other offending fabric and/or garments related to the infringements at issue in this case were either manufactured or sold by other parties within the jurisdiction of this Court, **Plaintiff will promptly seek to amend the Complaint to add said parties**.

(*Ibid.*, Exh. B).

Both of the above provisions — which Plaintiff proposed — were included

in the parties' Joint Rule 26(f) Report.  (Dkt. Nos. 17, *Unicolors I* [Joint Rule 26(f) Report] and Dkt. No. 17.1, *Unicolors I* [Schedule of Pretrial Dates, attached to the Joint Rule 26(f) Report as Exhibit A]).

In response to Plaintiff's written discovery requests in *Unicolors I*, on July 30, 2014, Urban produced to Plaintiff 484 invoices and other documents that identified each and every Downstream Retailer of the Subject Product.  (Martin Decl., ¶ 7).  Notwithstanding its professed commitment to "**promptly seek to amend the Complaint**" should discovery reveal "that any other offending … garments related to the infringements at issue in this case were … sold by other parties within the jurisdiction of this Court," **Plaintiff made no attempt to amend its complaint** to identify the Downstream Retailers as Doe Defendants in the *Unicolors I* action.  (Martin Decl., ¶ 9).

Thereafter, Urban propounded written discovery on Plaintiff requesting that Plaintiff identify facts to support its contention in the *Unicolors I* complaint that Urban and other defendants had obtained direct and indirect profits that they would not have otherwise realized but for the alleged infringement of the design.  In response, Plaintiff asserted in its September 4, 2014 verified response that Plaintiff would be entitled to recover damages in the form of disgorgeable profits from Urban, as well as the profits of all Urban's Downstream Retailers as follows:

**Interrogatory No. 20:**

> Please IDENTIFY all facts RELATING TO YOUR allegation at paragraph 21 of YOUR Complaint that "[d]ue to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design."

**Response to Interrogatory No. 20:**

> Objections: calling for attorney-client communication, attorney work product, privileged, and proprietary information, compound, overbroad, vague and ambiguous both generally and as to "all facts," harassing, and unduly burdensome in asking for each and every fact

-4-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

> relating to an allegation of Plaintiffs Complaint.
>
> Notwithstanding the foregoing, Plaintiff was denied the profits it would have made on the order of fabric and garments that Defendants purchased from one another, or third parties. In connection with said product, Plaintiff would be entitled to the monies it would have made had the product been lawfully purchased from Plaintiff. Instead, Defendants wrongfully obtained these monies.
>
> Plaintiff seeks to recover damages from Defendants in the form of said parties' disgorgeable profits pursuant to 17 USC 504. In addition to its actual damages, **UNICOLORS is entitled to any profits reaped by the parties which trafficked in the infringing goods**, as a prevailing copyright owner is entitled to recover "any profits of the infringer that are attributable to the infringement," 17 U.S.C. § 504 (b); *Transgo, Inc. v. Ajac Transmission Parts, Corp.*, 768 F.2d 1001 (9th Cir. 1985) ("all gross revenue is presumed to be profit attributable to the Infringement"). It is clear from the facts that UNICOLORS would be entitled to the profits gained by the Defendants through their infringements **as well as all profits of the other parties in the chain of distribution**, and interest thereupon. Discovery is ongoing, right to supplement reserved.

(Martin Decl., ¶ 8, Exh. C) (emphasis added).

Although Plaintiff obtained from Urban in July of 2014 the names of each and every one of the Downstream Retailers, Plaintiff failed to amend the Complaint to identify these entities, and failed to engage in any third party discovery of any of these entities to obtain information related to their purchase and/or sales of the Accused Product. (Martin Decl., ¶ 9). Rather, Plaintiff waited a period of **ninety-eight (98) days** (until November 5, 2014), and then filed an essentially identical Complaint in the present action against the <u>same Downstream Retailers identified by Urban in response to discovery in the *Unicolors I* action</u>, asserting in the present action the same claims for copyright infringement and vicarious/contributory copyright infringement alleged in *Unicolors I*. (Dkt. No. 1). The only difference between the two complaints is that the Doe Defendants in the *Unicolors I* complaint are identified by their actual names in the instant complaint.

On November 6, 2014, Urban's counsel sent the following email to

Plaintiff's counsel:

> We have just learned that yesterday your office filed on behalf of Unicolors the attached complaint naming each and every downstream retailer identified by Urban Outfitters in discovery in the Unicolors 1 case in a new and separate action. **These downstream retailers are identified as Doe Defendants in the pending Unicolors 1 action, and their projected revenues have been included in all of Unicolors' settlement demands and other settlement discussions**.
>
> Please explain why, rather than simply identifying the downstream retailers as Doe defendants in the pending action, Unicolors has chosen to file a separate action that is **identical in every respect** except for the identification of the numerous defendants that were not previously named individually as defendants in the pending action. **With the exception of the absence of Urban/Free People and Century 21 as named defendants in the new complaint, every paragraph after the identification of parties is exactly the same as the complaint in the Unicolors 1 case, including the identification of the Free People brand/label and Urban as the party that sold the allegedly infringing product to the named Defendants**.
>
> **We request that plaintiff immediately dismiss the action and simply file a Doe Amendment identifying the Doe Defendants as the multiple downstream defendants.** As you are aware, the Federal Rules of Civil Procedure specifically state that an amendment may be made by stipulation of the parties or leave of the court- and that "the court should freely give leave when justice so requires." It is notable that plaintiff did not request that Urban stipulate to the amendment naming the downstream retailers as the Doe Defendants in the pending Unicolors 1 action before filing a separate identical action.

(Martin Decl., ¶ 11, Exh. D) (emphasis added).

In reply to the above email, Plaintiff's counsel advised, in relevant part, "**It is far too late to stipulate to an amendment given that the discovery period is about to expire** and our summary judgment motion is set to be heard last month." (Martin Decl., ¶ 12, Exh. E) (emphasis added).

The Discovery cutoff in *Unicolors I* was November 24, 2014. (Dkt. No. 18, *Unicolors I*). Although Urban disclosed the identity of the Downstream Retailers in July of 2014, Plaintiff never conducted any third-party discovery with respect to

those entities. (Martin Decl., ¶ 9). Likewise, notwithstanding the fact that Plaintiff's counsel has filed approximately 690 copyright infringement cases over the past 10 years, and approximately 160 of those cases were filed in 2014 alone, Plaintiff never sought a stipulation or leave of court to amend its complaint in *Unicolors I* to identify the Downstream Retailer Doe defendants.[1] (Martin Decl., ¶¶ 9, 13). Plaintiff has no excuse for its failure to seek to amend its Complaint in *Unicolors I* after discovering the identity of the Downstream Retailer doe defendants, as Plaintiff represented it would "promptly" do in the Joint Rule 26(f) Report. (Dkt. No. 17, *Unicolors I*).

On November 10, 2014, following its stated refusal to dismiss the present action, Plaintiff filed a Notice of Related Case in the present action advising this Court that, among other reasons that the cases should be related, both *Unicolors I* and the present action "involve allegations of copyright infringement involving the same garment manufactured by or for Urban … and the same copyrighted textile design owned by Plaintiff." (Dkt. No. 9).

### A. Per Local Rule 7-3, Urban Met and Conferred with Plaintiff Prior to Filing this Motion.

On November 12, 2014, Urban's counsel sent an email to Plaintiff's counsel to meet and confer regarding Urban's grounds for bringing this motion. (Martin Decl., ¶ 14, Exh. F). Plaintiff's counsel replied to that email on November 17, 2014, advising, "If you proceed with [this] motion, we will vigorously oppose, and reserve the right to seek sanctions per 28 USC 1927 given the frivolous grounds proffered." (Martin Decl., ¶ 15, Exh. G). On November 19, 2014, counsel met and conferred further regarding this motion and Urban's accompanying motion to dismiss. Thereafter, Plaintiff's counsel sent the following email to defense

---

[1] Pursuant to Fed. R. Civ. P. 15(a)(2), a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

counsel:

> As just discussed, your motion has no merit. You failed to disclose the additional parties in your Notice of Interested Parties[2] or your Initial Disclosures.[3] You then agreed on a deadline to amend in the Joint Report. Thereafter, you disclosed the names of the additional parties that you knew had a pecuniary interest in this case. There is no impropriety in connection with the second action. We will oppose the motion.

(Martin Decl., ¶ 16, Exh. H).

As set forth below, this motion is not frivolous. Urban has a clear interest, including a large financial stake, in this litigation. That interest can only be protected if Urban is permitted to intervene in this case and file its motion to dismiss based on Plaintiff's improper attempt to engage in claim-splitting.

## III. ARGUMENT

### A. Urban Meets the Criteria Required to Intervene in this Case.

On timely motion, the court may permit any party to intervene who:

> [C]laims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest; [or] … has a claim or defense that shares with the main action a common question of law or fact.

(Fed. R. Civ. Proc. 24(a)(2) [Intervention of Right] and (b)(1)(B) [Permissive Intervention]). As set forth below, Urban's motion to intervene qualifies under either standard.

---

[2] Plaintiff alleges that Urban is vicariously liable for all of the infringing conduct in this case. (Complaint, ¶ 25, Dkt. No. 1, *Unicolors I*). Accordingly, counsel's argument that the Downstream Retailers should have been identified as parties who "have a pecuniary interest in the outcome of this case" is without merit.

[3] In 2000, the Advisory Committee amended Rule 26(a)(1) by narrowing the initial disclosure obligation to the identification of witnesses and documents that *the disclosing party* may use to support its claims or defenses. FRCP 26, Notes of Advisory Committee on 2000 amendments. Since Urban never intended to use any of the Downstream Retailers to support its claims or defenses in *Unicolors I* (Martin Decl., ¶ 17), Plaintiff's counsel's argument has no merit.

-8-

MOTION TO INTERVENE · CASE NO. 14-CV-08611 RGK (SSx)

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

### 1. **This Motion is Timely.**

Timely filing is a "threshold requirement" for intervention as of right. (*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citation omitted). "A party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation." (*United States v. Oregon* (9th Cir. 1990) 913 F.2d 576, 589) (internal quotation marks and citation omitted). Plaintiff filed its complaint on November 5, 2014. On November 6, 2014, Urban learned about the pendency of this action when one of the Downstream Retailer defendants tendered its demand for indemnification to Urban. (Martin Decl. ¶ 4). On that same day, Urban's counsel asked Plaintiff's counsel, in writing, to dismiss this action on the grounds that it violates the rule against claim splitting. (Martin Decl. ¶ 11). On November 12, 2014, Urban's counsel sent an email to Plaintiff's counsel to meet and confer about this motion. (Martin Decl., ¶ 14). Plaintiff's counsel replied to that email on November 17, 2014, advising that Plaintiff disputes the merits of, and will vigorously oppose, this "frivolous" motion. (Martin Decl., ¶ 15). On November 19, 2014, counsel met and conferred further regarding this motion and Urban's accompanying motion to dismiss. (Martin Decl., ¶ 16).

There has been no delay, much less any prejudicial delay, in bringing this motion before the Court.

### 2. **Urban has a Clear Interest in this Litigation.**

Urban has a clear interest in this lawsuit because it is already defending itself against the exact same claims in *Unicolors I*. As in that case, the adjudication of this case will hinge, in the first instance, on whether or not Urban infringed on Plaintiff's copyright of the Subject Design. Plaintiff alleges that Urban is vicariously liable for the infringing conduct of all of the Downstream Retailer defendants, who are identified as Does in the *Unicolors I* complaint and by name in the instant complaint. (Complaint, ¶¶ 11–12, 25, Dkt. No. 1, *Unicolors I*; Dkt.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

No. 1). As of November 25, 2014, seven (7) of the sixty-five (65) Downstream Retailer defendants have already demanded that Urban indemnify them against the claims asserted in the instant action. (Martin Decl., ¶ 4). Plaintiff alleges that Urban is vicariously liable for the copyright infringement of each of these defendants. (*Ibid.*) Therefore, Urban has a clear interest in this litigation.

### 3. Disposing of this Action May Impair Urban's Ability to Protect its Interest.

The evidence that Urban will present in *Unicolors I* to prove that Plaintiff's copyright is invalid, to establish that Urban had no access to the purportedly-copyrighted design, and to show that the design on the Accused Product is neither the same nor substantially similar to the purportedly-copyrighted design, is the same evidence the Downstream Retailers will have to present to defeat Plaintiff's claims in the instant action.

As set forth in Plaintiff's Notice of Related Case:

> An examination of the operative complaints for the Related Cases reveals that the factual allegations and legal issues are extremely similar. Indeed, **the Related Cases involve allegations of infringement through the unauthorized distribution and offering for sale of infringing garments sold by Urban Outfitters, Inc., to various retail customers for resale in the marketplace**, bearing a "Free People" label and Style No. F656Y499. Proceeding with the Related Cases separately would require Plaintiff to pursue the same claims and analyze **common questions of fact regarding the network of infringement for garments or fabric obtained and sold by Defendant Urban Outfitters, Inc.**

(Dkt. No. 9) (emphasis added).

Because they had no involvement in the creation or manufacture of the Accused Product, the Downstream Retailers are severely limited in their ability to gather and present this evidence to the Court. Unless Urban is permitted to intervene in this case, the Downstream Retailers will have to depose Urban's officers and other witnesses and engage in extensive third-party discovery in order to obtain this critical evidence. It is not unlikely that the Downstream Defendants

would fail to obtain all of the evidence required to defeat Plaintiff's claims in this case. Disposing of his action in Urban's absence, therefore, will impair Urban's ability to protect itself from any vicarious liability that might otherwise result from an adverse judgment against the Downstream Retailers.

### 4. The Existing Downstream Retailer Defendants do Not Adequately Represent Urban's Interest.

The Downstream Retailer defendants — identified by name in the instant complaint, and as Doe defendants in the *Unicolors I* complaint — played no part in Urban's creation of the Accused Product. The Downstream Retailers have no knowledge of the facts or circumstances surrounding Urban's acquisition or use of the design that it created and incorporated into the Accused Product that Plaintiff claims to infringe on its purported copyright. Therefore, they cannot adequately represent Urban's interest in proving to the Court that Urban did not infringe on Plaintiff's copyright. The facts and testimony required to prove Urban's defenses are within the exclusive possession of Urban's witnesses. Likewise, although the Downstream Retailers can seek indemnity from Urban, they cannot indemnify Urban against the claims of copyright infringement alleged to have occurred at the top of the chain of distribution. Therefore, the existing Downstream Retailer defendants do not and cannot adequately represent Urban's interest in this litigation.

### 5. Urban Has Claims and Defenses Which Share Common Questions of Law and Fact with this Litigation.

As Plaintiff concedes in its Notice of Related Case, the claims in *Unicolors I* and the instant case "involve allegations of copyright infringement involving the **same garment manufactured by or for Urban** … and the **same copyrighted textile design owned by Plaintiff**." (Dkt. No. 9) (emphasis added). Plaintiff contends in **both cases** that "Defendants … purchased, sold, manufactured, caused to be manufactured, imported or distributed [the same] Accused Product …

-11-

featuring a design which is identical to, or substantially similar to, the Subject Design." (Complaint, ¶ 14, Dkt. No. 1, Unicolors I; Complaint, ¶ 77, Dkt. No. 1).

With the exception of the absence of Urban and Century 21 as named defendants in the instant Complaint, every paragraph after the identification of parties is exactly the same as the *Unicolors I* Complaint, including the identification of Urban as the party that sold the allegedly infringing product to the named Defendants. (Dkt. No. 1, *Unicolors I*; Dkt. No. 1). Therefore, Urban has claims and defenses which share common questions of law and fact with this litigation and should be allowed to intervene.

## IV. CONCLUSION

Urban has a clear interest in this litigation. This motion is timely. The evidence that Urban will present to prove that Plaintiff's copyright is invalid, and to establish that Urban had no access to the purportedly-copyrighted design, and that the design on the Accused Product is neither the same nor substantially similar to the purportedly-copyrighted design, is the same evidence Urban and/or the Downstream Retailers will present to defend against Plaintiff's claims in both this case and the previously filed *Unicolors I* case.

The Downstream Retailers are severely limited in their ability to gather and present key evidence in the absence of Urban's participation in this litigation, since they had no involvement in the creation or manufacture of the Accused Product, and merely purchased the Accused Product wholesale from Urban after it was created and manufactured.

///
///
///
///
///
///

For the forgoing reasons, this Court should grant this motion and set a date for the hearing on Urban's Motion to Dismiss, attached as Exhibit A to the concurrently-filed Declaration of Tara L. Martin.

Dated: November 26, 2014

GORDON & REES LLP

By: */s/ Tara L. Martin*
Miles D. Scully
Tara L. Martin
Attorneys for Nonparty URBAN OUTFITTERS, INC., a Pennsylvania corporation

-13-