1  MILES D. SCULLY  (SBN: 135853)
      Email:  mscully@gordonrees.com
2  TARA L. MARTIN  (SBN: 189168)
      Email:  tmartin@gordonrees.com
3  GORDON & REES LLP
   2211 Michelson Drive, Suite 400
4  Irvine, CA 92612
   Telephone:  (949) 255-6950
5  Facsimile:  (949) 474-2060

6  Attorneys for Nonparty
   URBAN OUTFITTERS, INC.,
7  a Pennsylvania corporation

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  UNICOLORS, INC., a California          ) CASE NO.  14-CV-08611 RGK
    Corporation,                           ) (SSx)
12                                         )
                        Plaintiff,         ) Judge:  R. Gary Klausner
13                                         ) Courtroom 850
          vs.                              )
14                                         ) **NONPARTY URBAN**
    MACY'S, INC., individually and doing   ) **OUTFITTERS, INC.'S**
15  business as "MACYS.COM" and            ) **OBJECTIONS TO**
    "BLOOMINGDALE'S, a Delaware            ) **EVIDENCE SUBMITTED IN**
16  Corporation, et al.                    ) **SUPPORT OF UNICOLORS,**
                                           ) **INC.'S OPPOSITION TO**
17                      Defendant.         ) **MOTION TO INTERVENE**
                                           )
18                                         )
                                           )
19                                         ) Date:    December 29, 2014
                                           ) Time:    9:00 a.m.
20                                         ) Courtroom:  850
                                           )
21                                         )

22        TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF

23  RECORD:

24        Nonparty Urban Outfitters, Inc., a Pennsylvania Corporation ("Urban"),

25  submits the following objections to the evidence submitted in support of Unicolors,

26  Inc.'s ("Unicolors") opposition to Urban's motion to intervene.

27

28                              -1-

(left margin, vertical) Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**Objections to the Declaration of Trevor Barrett**

**Objection No. 1:**

4.     On March 28, 2014 Urban filed its Notice of Interested Praties in the Free People case, which, per statute, must include all parties with a pecuniary interest in the case.  Attached hereto as **Exhibit 2** is a true and correct copy of Urban's Notice of Interested Parties.  <u>While the Urban customers that bought and sold the allegedly-infringing garments ("Accused Product") clearly should have been identified in this filing, Urban concealed the identities of these involved customers.</u>  Urban's <u>flawed</u> Notice of Interested Parties named only Unicolors, Urban, and Century 21 – the three named parties in the Free People case. (Declaration of Trevor Barrett ["Barrett Decl."], ¶ 4, Dkt. No. 49, p. 18:20–27) (matter objected to underlined).

**Grounds for Objection No. 1:**

- **Lacks foundation.  Fed. R. Evid. 602.  Improper legal conclusion. Fed. R. Evid. 701.**

A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  Fed. R. Evid. 602.  Any affidavit which does not conform to these specifics must be stricken.  See, e.g., *Innovus Prime, LLC v. Panasonic Corp. & Panasonic Corp. of N. Am., Inc.*, 2013 U.S. Dist. LEXIS 93820, 6, 2013 WL 3354390 (N.D. Cal. July 2, 2013) ("[D]eclarations [which] make impermissible legal conclusions … are improper.")  An affidavit is conclusory if the facts contained are speculative or in the form of legal conclusions.  *Orsini v. O/S SeaBrooke O.N.*, 247 F.3d 953, 960 n.4 (9th Cir. 2001).

Although Mr. Barrett declares that he has personal knowledge of the facts set forth in his declaration, he lays no foundation to demonstrate such knowledge with respect to Urban's alleged concealment of information.  As counsel for

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-2-

1   Plaintiff, it seems strange that Mr. Barrett could claim under oath to possess such
2   knowledge.  Likewise, Mr. Barrett's testimony that such information "clearly
3   should have been identified in this filing" is an improper legal conclusion that does
4   not belong in his declaration.  Finally, his argumentative reference to "Urban's
5   flawed Notice of Interested Parties" is also a legal conclusion which lies within the
6   exclusive, sound discretion of this Court.

7   **Motion to Strike:**

8         For the above reasons and pursuant to Rule 103 of the Federal Rules of
9   Evidence, Urban hereby move to strike the underlined portions of paragraph 4 in
10  the Declaration of Trevor Barrett.

11  **Court's Ruling on Objection No. 1 and Corresponding Motion to Strike:**

12            Sustained: _____          Stricken: _____

13            Overruled: _____

14  **Objection No. 2**

15       5.     On May 2, 2014, Urban served its initial disclosures, <u>which were to</u>
16  <u>include the names and affiliations of potential witnesses in this case</u>.  Attached
17  hereto as Exhibit 3 is a true and correct copy of Urban's initial disclosures.  Again,
18  <u>Urban concealed the names of the involved customers</u>, but failed to list any of its
19  customers for Accused Product [sic] besides the named defendant Century 21.
20  (Barrett Decl., ¶ 5, Dkt. No. 49, at p. 19:1–5) (matter objected to underlined).

21  **Grounds for Objection No. 2:**

22          • **Lacks foundation.  Fed. R. Evid. 602.  Improper legal conclusion.**
23            **Fed. R. Evid. 701.**

24        Again, Mr. Barrett lays no foundation to demonstrate that he could possibly
25  possess any personal knowledge that Urban concealed information.  In the context
26  of a Rule 26(a) initial disclosure, Mr. Barrett necessarily implies that he has
27  personal knowledge that such "concealed" information was, in the first place,

28

-3-

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1  reasonably available to Urban as of May 2, 2014.  Furthermore, his testimony that

2  Urban's initial disclosures "were to include the name and affiliations of potential

3  witnesses in this case" is an improper legal conclusion, which misrepresents the

4  scope of the initial disclosure requirement set forth in Rule 26(a) of the Federal

5  Rules of Civil Procedure, which is limited to the identification of witnesses and

6  documents that *the disclosing party* may use to support its claims or defenses.  Fed.

7  R. Civ. Proc. 26, Notes of Advisory Committee on 2000 amendments.  The

8  implication that Urban had any obligation to clairvoyantly identify and disclose the

9  identities of *Unicolors'* witnesses or intended doe defendants is false.

10 **Motion to Strike:**

11      For the above reasons and pursuant to Rule 103 of the Federal Rules of

12 Evidence, Urban hereby move to strike the underlined portions of paragraph 5 in

13 the Declaration of Trevor Barrett.

14 **Court's Ruling on Objection No. 2 and Corresponding Motion to Strike:**

15                    Sustained: _____      Stricken: _____

16                    Overruled: _____

17 **Objection No. 3:**

18      8.      Urban served its first responses to Unicolors' discovery requests on

19 June 26, 2014.  In these responses, Urban refused to identify its customers in its

20 response to Interrogatory No. 8.  Urban's interrogatory responses indicated that it

21 would provide documents sufficient to identify all parties to which it sold Accused

22 Product [sic], but failed to produce with its written responses any such documents.

23 Urban did admit that all of its sales of the Accused Product took place in 2011 –

24 well before the Free People case was even filed.  Attached hereto as **Exhibit 6** is a

25 true and correct copy of Urban's first set of responses to Unicolors' first set of

26 interrogatories.  Given Urban's underlined deficient discovery requests [sic], counsel for

27 Unicolors sent a meet and confer letter to counsel for Urban on July 3, 2014.

28

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

NONPARTY URBAN'S OBJECTIONS TO EVIDENCE
SUBMITTED IN SUPPORT OF UNICOLORS
OPPOSITION TO MOTION TO INTERVENE

CASE NO. 14-CV-08611 RGK (SSx)

(Barrett Decl., ¶ 8, Dkt. No. 49, at p. 19:17–26) (matter objected to underlined).

**Grounds for Objection No. 3:**

- **Improper legal conclusion.  Fed. R. Evid. 701.**

Mr. Barrett's testimony that Urban's discovery responses were deficient is a legal conclusion, as is the statement that Urban "refused" to identify its customers in response to Interrogatory No. 8.

- **Lacks foundation.  Fed. R. Evid. 602.**

Mr. Barrett's sworn testimony that Urban "refused" to identify its customers in response to Interrogatory No. 8 lacks foundation.  It necessarily implies, in the first place, that Urban possessed this information in the form of a list, compilation, or summary.  Mr. Barrett demonstrates no personal knowledge to support this speculative testimony.  Likewise, the testimony that Urban failed to produce any documents with its written responses necessarily assumes that (1) Urban had identified and retrieved all such documents as of the date it served its responses to Unicolors' interrogatories; and (2) that such documents were neither privileged nor confidential.  Given that the parties agreed to withhold any production of business records until the entry of a mutually-agreeable protective order, and that, once produced, the subject records were heavily redacted to protect confidential information that was unrelated to Unicolors' requests, Mr. Barrett's sworn testimony is demonstrably false.

**Motion to Strike:**

For the above reasons and pursuant to Rule 103 of the Federal Rules of Evidence, Urban hereby move to strike the underlined portions of paragraph 8 in the Declaration of Trevor Barrett.

**Court's Ruling on Objection No. 3 and Corresponding Motion to Strike:**

Sustained:  _____          Stricken:  _____

Overruled:  _____

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**Objection No. 4:**

9.      Urban failed to supplement its response to Interrogatory No. 8 in *any* of its two supplemental interrogatory responses.  Attached hereto as **Exhibit No. 7** are true and correct copies of Urban's two supplemental sets of interrogatory responses.  (Barrett Decl., ¶ 9, Dkt. No. 49, at p. 20:1–4) (matter objected to underlined).

**Grounds for Objection No. 4:**

- **Lacks foundation.  Fed. R. Evid. 602.**

Mr. Barrett's testimony that Urban failed to supplement its response to Interrogatory No. 8 necessarily implies, in the first place, that Urban possessed this information in the form of a list, compilation, or summary or that, alternatively, Urban was under the obligation to create such a list, compilation, or summary, and that the burden of doing so would not be substantially the same for Unicolors.  In its verified responses, Urban represented that it did not possess any such list, and that the burden of creating one would be the same for both parties.  Mr. Barrett demonstrates no personal knowledge regarding the suggested inadequacy or impropriety of Urban's supplemental responses to Interrogatory No. 8.

**Motion to Strike:**

For the above reasons and pursuant to Rule 103 of the Federal Rules of Evidence, Urban hereby move to strike the underlined portions of paragraph 9 in the Declaration of Trevor Barrett.

**Court's Ruling on Objection No. 4 and Corresponding Motion to Strike:**

Sustained: _____          Stricken: _____

Overruled: _____

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

NONPARTY URBAN'S OBJECTIONS TO EVIDENCE
SUBMITTED IN SUPPORT OF UNICOLORS
OPPOSITION TO MOTION TO INTERVENE

CASE NO. 14-CV-08611 RGK (SSx)

**Objection No. 5:**

10.   Urban made its first production of documents in the Free People case on July 31, 2014, which included 455 pages of invoices to some of Urban's customers. <u>After analyzing Urban's document production, I determined that there was a shortage of several thousand units of Accused Product sold as compared to the number of units ordered. This shortage amounted to more than 60% of the total units of Accused Product sold by Urban, and ultimately was revealed to *omit 29 different customers of Urban* for the Accused Product.</u> After the deficiency in the invoices provided was brought up to Urban's counsel, Tara Martin, she represented to me that complete sales documentation would be forthcoming. Attached hereto as **Exhibit 8** is a true and correct copy of the proof of service for Urban's first document production. (Barrett Decl., ¶ 10, Dkt. No. 49, at p. 20:5–15) (matter objected to underlined).

**Grounds for Objection No 5:**

- **Irrelevant. Fed. R. Evid. 401–403.**

Mr. Barrett's testimony about the shortage of several thousand units of Accused Product sold as compared to the number of units ordered is of no consequence to the determination of Urban's motion to intervene. In its opposition to that motion, Unicolors argues that Urban withheld the identity of the downstream retailers that purchased the Accused Product until after the time in which Unicolors could amend its complaint as a matter of right, which, in turn, forced Unicolors to file the duplicative complaint against those downstream retailers in the instant action. In its complaint, Unicolors makes no distinction between any of the downstream retailers based on the amount of units they ordered. Each downstream retailer is simply alleged to have infringed, regardless of whether it purchased 2 units or 2,000 units.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

NONPARTY URBAN'S OBJECTIONS TO EVIDENCE
SUBMITTED IN SUPPORT OF UNICOLORS
OPPOSITION TO MOTION TO INTERVENE

CASE NO. 14-CV-08611 RGK (SSx)

- **Best evidence rule.  Fed. R. Evid. 1002–1004.**

Urban's document production (not Mr. Barrett's pejorative mischaracterization of thereof), is the best evidence of the contents of those documents.  While Urban concedes that it would be unfair to here submit such a large quantity of documents for the court's review, those circumstances do not grant Mr. Barrett carte blanche to misrepresent their contents with impunity. Urban objects to Mr. Barrett's testimony that Urban's first document production omitted the names of 29 of the downstream retailers, as well as to Mr. Barrett's conclusion that the shortage amounted to more than 60% of the total units sold by Urban.

- **Lacks foundation.  Fed. R. Evid. 602.**

Mr. Barrett lays no foundation for his testimony that he determined a shortage of total units sold when analyzing Urban's first document production. Had he done so, he would have been constrained to admit that he was only able to ascertain a shortage because Urban disclosed these figures in its responses to Unicolors' first set of interrogatories.  Further, Mr. Barrett provides no foundation for the underlying mathematics through which he allegedly arrived at his conclusion.

**Motion to Strike:**

For the above reasons and pursuant to Rule 103 of the Federal Rules of Evidence, Urban hereby move to strike the underlined portions of paragraph 10 in the Declaration of Trevor Barrett.

**Court's Ruling on Objection No. 5 and Corresponding Motion to Strike:**

Sustained: _____      Stricken: _____

Overruled: _____

NONPARTY URBAN'S OBJECTIONS TO EVIDENCE
SUBMITTED IN SUPPORT OF UNICOLORS
OPPOSITION TO MOTION TO INTERVENE

CASE NO. 14-CV-08611 RGK (SSx)

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

**Objection No. 6:**

11.    Urban provided a second set of documents on September 2, 2014, which included an additional 372 pages of invoices to Urban's customers for Accused Product [sic]. <u>Yet again, analysis of this set of documents revealed a shortage of units sold, this time more than 20% of the sold inventory remained unaccounted for. Unicolors' counsel met and conferred with Urban's counsel again on September 16, 2014 to address this deficiency among others.</u> Attached hereto as **Exhibit 9** is a true and correct copy of the proof of service for Urban's second document production. (Barrett Decl., ¶ 11, Dkt. No. 49, at p. 20:16–23) (matter objected to underlined).

**Grounds for Objection No 6:**

- **Irrelevant. Fed. R. Evid. 401–403.**

Mr. Barrett's testimony about the shortage of 20% of the sold inventory is of no consequence to the determination of Urban's motion to intervene. In its opposition to that motion, Unicolors argues that Urban withheld the identity of the downstream retailers that purchased the Accused Product until after the time in which Unicolors could amend its complaint as a matter of right, which, in turn, forced Unicolors to file the duplicative complaint against those downstream retailers in the instant action. In its complaint, Unicolors makes no distinction between any of the downstream retailers based on the amount of units they ordered. Each downstream retailer is simply alleged to have infringed, regardless of whether it purchased 2 units or 2,000 units.

- **Lacks foundation. Fed. R. Evid. 602.**

Mr. Barrett lays no foundation for his testimony that "analysis of this set of documents revealed a shortage of units sold, this time more than 20% of the sold inventory remained unaccounted for." He does not lay any foundation for his supposed personal knowledge of this alleged deficiency, or that he even performed

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-9-

1  the analysis.  Likewise, he lays no foundation to demonstrate his personal

2  knowledge about the September 16, 2014 "meet and confer" or what was discussed

3  during that meeting.

4  **Motion to Strike:**

5       For the above reasons and pursuant to Rule 103 of the Federal Rules of

6  Evidence, Urban hereby move to strike the underlined portions of paragraph 11 in

7  the Declaration of Trevor Barrett.

8  **Court's Ruling on Objection No. 6 and Corresponding Motion to Strike:**

9            Sustained: _____        Stricken: _____

10           Overruled: _____

11  **Objection No. 7:**

12       12.    Urban did not provide a complete set of its invoices to its customers

13  for Accused Product [sic] until September 30, 2014 -- four months after the

14  deadline to amend the complaint and less than two months before the discovery

15  cut-off.  Urban never provided any summary list of its customers for Accused

16  Product [sic] in any of its document productions or three sets of responses to

17  Unicolors' interrogatories.  (Barrett Decl., ¶ 12, Dkt. No. 49, at pp. 20:24–21:2)

18  (matter objected to underlined).

19  **Grounds for Objection No 7:**

20       • **Irrelevant.  Fed. R. Evid. 401–403.**

21       Mr. Barrett's testimony that Urban did not provide a complete set of its

22  invoices until September 30, 2014, is of no consequence to the determination of

23  Urban's motion to intervene.  On September 30, 2014, Urban produced a single

24  invoice for Nordstrom, whose identify as a downstream retailer had already been

25  disclosed in Urban's first document production on July 31, 2014.

26

27

28

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-10-

- **Lacks foundation.  Fed. R. Evid. 602.**

Mr. Barrett's testimony that Urban never provided a summary list of its customers in any of its document productions or written responses has no foundation.  It assumes that such a list was within the possession, custody, and control of Urban at the times in question.  Mr. Barrett fails to demonstrate any personal knowledge of this foundational "fact."

**Motion to Strike:**

For the above reasons and pursuant to Rule 103 of the Federal Rules of Evidence, Urban hereby move to strike the entirety paragraph 12 in the Declaration of Trevor Barrett.

**Court's Ruling on Objection No. 7 and Corresponding Motion to Strike:**

Sustained: _____        Stricken: _____

Overruled: _____

**Objection No. 8:**

13.    Unicolors filed a Notice of Related Cases for this action and the Free People case.  But, on November 21, 2014 Honorable S. James Otero denied the transfer of this action to the Free People action, thus finding that the cases involve "different defendants, alleged acts of infringement and damages," and inappropriate for consolidation.  Attached hereto as **Exhibit 10** is a true and correct copy of Judge Otero's order denying consolidation of the actions.  (Barrett Decl., ¶ 13, Dkt. No. 49, at p. 21:3–8) (matter objected to underlined).

- **Best evidence rule.  Fed. R. Evid. 1002–1004.**

Judge Otero's written declination to relate the cases (not Mr. Barrett's mischaracterization thereof) is the best evidence of that writing.  Judge Otero did not deny a motion to consolidate the cases, as none was ever filed.

///

///

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-11-

**Motion to Strike:**

For the above reasons and pursuant to Rule 103 of the Federal Rules of Evidence, Urban hereby move to strike the underlined portions of paragraph 13 in the Declaration of Trevor Barrett.

**Court's Ruling on Objection No. 8 and Corresponding Motion to Strike:**

Sustained: _____          Stricken: _____

Overruled: _____

Dated: December 15, 2014          GORDON & REES LLP

                                  By:   */s/ Tara L. Martin*
                                        Miles D. Scully
                                        Tara L. Martin
                                        Attorneys for Defendants URBAN
                                        OUTFITTERS, INC. and CENTURY
                                        21 DEPARTMENT STORES, LLC

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1095184/21640895v.1

-12-