UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-08611-RGK (SSx) | Date | January 27, 2015 |
|---|---|---|---|
| Title | *UNICOLORS, INC. v. MACY'S, INC., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order re: Nonparty Urban Outfitters, Inc.'s Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24 (DE 25)

## I.   INTRODUCTION

On November 5, 2014, plaintiff Unicolors, Inc. ("Plaintiff") filed a Complaint against approximately sixty-five (65) defendants ("Defendants") for Copyright Infringement and Vicarious and/or Contributory Copyright Infringement. Those claims arise from Defendants' purchase, sale, manufacture, importation and/or distribution of products featuring a design which is allegedly identical to, or substantially similar to, a two-dimensional textile design in which Plaintiff holds a U.S. copyright.

On November 26, 2015, Urban Outfitters, Inc. ("Urban") filed the present Motion to Intervene for the limited purpose of moving the Court to dismiss Plaintiff's Complaint. Urban's position is that the present action reasserts the same issues already being litigated in a case Plaintiff filed against Urban in U.S. District Court for the Central District of California, titled *Unicolors, Inc. v. Urban Outfitters, Inc.*, No. 14-cv-01029-SJO (VBK) ("*Unicolors I*"), and is therefore an impermissible attempt at "claim splitting."

For the following reasons, the Court **GRANTS** Urban's Motion to Intervene.

## II.   STATEMENT OF FACTS

On February 10, 2014, Plaintiff filed the *Unicolors I* action against Urban, one of its customers, Century 21 Department Stores, LLC ("Century 21"), and ten Doe defendants for Copyright Infringement and Vicarious and/or Contributory Copyright Infringement. With the exception of the named defendants, the complaint in that action is nearly identical to the Complaint in the present action.

Through discovery in *Unicolors I*, Plaintiff sought to identify all customers to which Urban had sold its allegedly infringing product. Plaintiff states that it did not receive a complete set of Urban's invoices to its customers until September 30, 2014. Urban counters that regardless of when a complete set of invoices was provided, it had fully disclosed the identities of all of its customers by September 2, 2014. In any event, the parties agree that the scheduling order in *Unicolors I* set May 28, 2014 as the last date to amend the pleadings and add parties, and November 24, 2014 as the discovery cut-off date. Plaintiff asserts that because it was unable to discover the identities of Urban's customers until approximately three to four months after the deadline to amend the pleadings and two months prior to the close of discovery, it was forced to file a new complaint - the Complaint in the present action - against those customers, which are the current Defendants.

Urban moves to intervene for the limited purpose of challenging the propriety of Plaintiff's filing the present action. Urban maintains that it has a clear interest in this action because Plaintiff alleges in the *Unicolor I* complaint that Urban is vicariously liable for acts of infringement committed by other entities, potentially including Defendants, and Urban may have a duty to indemnify Defendants for liability imposed in the present action.

## III.   JUDICIAL STANDARD

Intervention is governed by Federal Rule of Civil Procedure ("Rule") 24, which permits two types of intervention: intervention of right and permissive intervention. Fed. R. Civ. P. 24(a), (b).

Intervention of right is governed by Rule 24(a), which states that on timely motion, the court *must* permit anyone to intervene who

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

Permissive intervention is governed by Rule 24(b), which states that on timely motion, the court *may* permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Ninth Circuit therefore outlines three requirements for permissive intervention under Rule 24(b). The applicant for intervention must show:

> (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.

*Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996). These are just threshold requirements after which a court has discretion to grant or deny permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

## IV.   DISCUSSION

Urban moves to intervene as a matter or right, or alternatively for permissive intervention. Because the Court finds that permissive intervention is warranted, it need not address intervention as a matter of right.

### A.     Independent Grounds for Jurisdiction and Timeliness

Plaintiff does not appear to contest the first two requirements for permissive intervention, and the Court finds that both requirements are met here. First, Urban seeks to assert its defense in response to Plaintiff's copyright claims, and federal question jurisdiction thus extends to that defense.

Second, in evaluating the timeliness of a motion to intervene, courts consider "1) the stage of the proceeding at which an applicant seeks to intervene; 2) the prejudice to other parties; and 3) the reason for and length of the delay." *U.S. v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996) (internal quotation omitted). Here, Urban moved to intervene just three weeks after Plaintiff filed its Complaint, and no significant developments have occurred in the case. Further, Plaintiff has not pointed to any prejudice that would result from Urban's intervention for the limited purpose at issue.

### B.     Common Questions of Law or Fact

Urban's defense clearly has questions of fact in common with the present action, and may share questions of law as well. As set forth in the proposed motion to dismiss submitted along with Urban's Motion to Intervene, Urban's defense is based upon the argument that the causes of action and relief sought in the two actions, as well as the parties or privies to the actions, are the same. (*See* Martin Decl., Ex. A at 10:3-16:9.) This argument necessarily entails a comparison of the facts at issue in the present case with those at issue in *Unicolor I*.

Plaintiff even acknowledged the commonality of the legal and factual questions among these two cases in the Notice of Related Case it filed on November 10, 2014, in which it stated that "[a]n examination of the operative complaints for the Related Cases reveals that the factual allegations and legal issues are extremely similar. . . . Proceeding with the Related Cases separately would require Plaintiff to pursue the ***same claims*** and analyze ***common questions of fact*** regarding the network of infringement for garments or fabric obtained and sold by Defendant Urban Outfitters, Inc. and its customers." (ECF No. 9 at 2:19-3:1 (emphasis added).)

Plaintiff points to Judge Otero's decision in *Unicolor I* to decline transfer of the present action as a "related case" on the grounds that the present action "involves different defendants, alleged acts of infringement and damages." (Barrett Decl., Ex. 10.) Plaintiff suggests that Judge Otero's decision somehow forecloses the possibility of intervention here, but cites no authority which stands for that proposition.[1] While that decision informs the Court's present analysis, neither the decision itself nor the grounds cited therein preclude this Court from finding that Urban's defense and the current action share at least some common questions of fact and/or law for purposes of the present motion to intervene.

Further, the Court finds that permitting Urban to intervene would allow for a full analysis of whether Plaintiff has engaged in improper claim-splitting by filing the present action, and would thereby "significantly contribute . . . to the just and equitable adjudication of the legal questions presented." *See Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977) (setting forth relevant factors for district courts to consider in "making [the] discretionary decision on the issue of permissive intervention"). It would also further the interest of judicial economy. As mentioned above, Plaintiff has not shown how such intervention would prejudice the adjudication of its rights, and addressing this

---

[1]The cases Plaintiff cites pertain to the merits of the motion Urban seeks to file; i.e., whether Plaintiff is in fact engaged in improper claim-splitting. (*See* Pl.'s Opp'n 5:25-6:11.) However, the Court is concerned here with the antecedent question of whether to allow Urban to intervene for purposes of filing the motion, and the cited cases provide no support for Plaintiff's position on that separate issue.

narrow issue upon a motion to dismiss would not unduly delay such adjudication.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Urban's Motion to Intervene for the limited purpose of moving the Court to dismiss Plaintiff's Complaint.

**IT IS SO ORDERED.**

_____ : _____

**Initials of Preparer**     _____