UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-08611-RGK (SSx) | Date | March 6, 2015 |
|---|---|---|---|
| Title | *UNICOLORS, INC. v. MACY'S, INC., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 12(b)(7) (DE 59); Joinders Therein (DEs 89, 97, 99, 112, 115); Urban Outfitters' Motion to Dismiss Pursuant to Rule 12(b)(6) (DE 108)

**I.      INTRODUCTION**

On November 5, 2014, Unicolors, Inc. ("Unicolors" or "Plaintiff") filed a Complaint against Macy's, Inc. and approximately sixty-four other retailers ("Downstream Retailers" or "Defendants") for (1) Copyright Infringement and (2) Vicarious and/or Contributory Copyright Infringement. Plaintiff alleges that Downstream Retailers purchased, sold, manufactured, imported, and/or distributed products featuring a design which was allegedly identical to, or substantially similar to, a design in which Plaintiff holds a U.S. copyright. Unicolors seeks injunctive and compensatory relief including unjust enrichment, attorneys' fees, and punitive damages.

On December 15, 2014, twenty-seven of the defendants in the instant action ("Moving Defendants") filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Rule 12(b)(7). Eleven additional Defendants have joined in this Motion. On January 29, 2015, intervener Urban Outfitters, Inc. ("Urban") filed its own Motion to Dismiss pursuant to Rule 12(b)(6).[1] For the following reasons, the Court **DENIES** Moving Defendants' and Urban's Motions to Dismiss.

---

[1] Urban does not move to dismiss under Rule 12(b)(7).

## II. FACTUAL BACKGROUND

Plaintiff owns a U.S. copyright in a two-dimensional textile design (the "Subject Design"). Plaintiff, which exclusively owns the rights to the Subject Design, offered it for sale prior to the allegedly infringing acts of Defendants.

On February 10, 2014, Plaintiff filed a lawsuit against Urban, Century 21,[2] and Does 1 through 10 for Infringement and Vicarious and/or Contributory Infringement of its copyright in the Subject Design. Does 6 through 10 included "parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged . . . ." (Compl., ¶ 8, *Unicolors, Inc. v. Urban, Inc.*, No. 14-CV-1029-SJO (VBK) ("*Unicolors I*"), DE 1.)[3] Urban did not disclose its customers in its Rule 26 disclosures or in its Notice of Interested Parties. The parties to *Unicolors I* scheduled May 28, 2014 as the last day to amend the pleadings and November 24, 2014 as the discovery cut-off date.

On April 29, 2014, in its first set of interrogatories in *Unicolors I*, Plaintiff requested that Urban identify all stores to which it sold allegedly infringing products. On July 30, 2014, Urban produced 484 documents including invoices which identified 45 "downstream" retailers. Urban produced the rest by September 30, 2014. Plaintiff did not seek to amend its complaint. Instead it filed the present lawsuit ("*Unicolors II*") against sixty-five Downstream Retailers on November 5, 2014.

Plaintiff alleges that Downstream Retailers and certain Doe Defendants "were purchasing, marketing, distributing, and/or selling for profit garments that bore a textile print that was substantially similar to, and copied from, the Subject Design." It alleges that Downstream Retailers obtained the product from Urban. (Compl., ¶ 73.)

*Unicolors I* was resolved on February 26, 2015, when a jury returned a verdict in favor of Plaintiff.

## III. JUDICIAL STANDARD

### A. Claim Splitting

A court may grant a Rule 12(b)(6) motion to dismiss if the complaint has failed to state a claim for which relief may be granted. FED. R. CIV. P. 12(b)(6). "Under *Twombly*, the relevant question is whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain enough factual allegations to state a claim that is plausible on its face in order to survive a motion to dismiss. *Iqbal*, 556 U.S. at 663. A claim is facially plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. Courts have discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single cause of action and litigating piecemeal the issues which could have

---

[2]Century 21 is a purchaser and retailer of Urban's products.

[3]Because the *Unicolors I* complaint is not subject to dispute and may be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, the Court takes judicial notice of that document. *See* FED. R. EVID. 201(b), (c); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (stating that a court "may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue.").

been resolved in one action." *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 694 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008) (internal quotation marks and alterations omitted). The burden of establishing improper claim splitting is on the moving party. *See Taylor*, 553 U.S. at 907 (discussing the burden for claim preclusion).

The record for a 12(b)(6) motion is usually limited to the four corners of the complaint. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001). While reliance on facts outside of the complaint will usually convert a motion to dismiss into a motion for summary judgment, consideration of judicially noticeable facts will not. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may judicially notice a fact if it "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b), (c).

### B. Failure to Join a Required Party

Rule 12(b)(7) allows a court to dismiss an action if the plaintiff has failed to join a party required under Rule 19. FED. R. CIV. P. 12(b)(7). The burden of proof is on the party moving to dismiss for failure to join an indispensable party. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

## IV. DISCUSSION

Defendants move to dismiss Plaintiff's claims under Rule 12(b)(6) and under Rule 12(b)(7). Defendants argue that Plaintiff's claims are impermissibly split from *Unicolors I* and that Urban is a required party in this case. The Court disagrees on both counts.

### A. Claim Splitting

While a plaintiff may split his claims in the first action, claim preclusion prevents him from then bringing a duplicative second action. *Haphey v. Linn Cnty.*, 924 F.2d 1512, 1517 (9th Cir. 1991), *set aside on other grounds*, 953 F.2d 549 (9th Cir. 1992). Therefore, the test to determine if a claim is split is whether, if there had been a final judgment in the first action, the claim in the second action would be precluded. *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011); *see Adams*, 487 F.3d at 689. Therefore, the second action may be dismissed if the claims and relief sought are the same and the parties are the same or in privity. *Adams*, 487 F.3d at 689 (citing *United States v. Haytian Republic*, 154 U.S. 118, 124 (1894)).

Moving Defendants and Urban argue that Plaintiff brings the same claims here as in *Unicolors I* and that Downstream Retailers are the same as, or in privity with, the defendants in *Unicolors I*. Because the Court finds that Downstream Retailers are not in privity with the *Unicolors I* defendants, Moving Defendants' and Urban's motions to dismiss are denied to the extent that they are based upon purportedly improper claim splitting.

In *Taylor v. Sturgell*, the Supreme Court recognized six circumstances in which an entity may qualify as "in privity" with a party to a prior action. 553 U.S. at 893–95; *see Goggia v. Fed. Nat'l Mortg. Ass'n*, No. CIV-S-12-3091-LKK (KJN), 2013 WL 1279179, at *6–7 (E.D. Cal. Mar. 27, 2013) (applying the six circumstances of privity identified in *Taylor* to determine whether the plaintiff had engaged in impermissible claim splitting). The Parties do not address any of these circumstances which

allow for preclusive effect, and instead assert a "virtual representation" theory, which *Taylor* overruled.[4]

Only one circumstance identified in *Taylor* is potentially applicable to the present case: when the party to the subsequent action was "adequately represented [in the prior action] by someone with the same interests who [w]as a party" to the prior action. *Taylor*, 553 U.S. at 894. "Representative suits with preclusive effect on nonparties include properly conducted class actions . . . and suits brought by trustees, guardians, and other fiduciaries." *Id.* Representation of a nonparty is "adequate" for purposes of preclusion "only if, at a minimum: (1) the interests of the nonparty and her representative are aligned . . . and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the nonparty's interests." *Id.* at 882 (internal citations omitted).

Even accepting that the interests of Downstream Retailers could be aligned with those of the *Unicolors I* defendants, which remains unclear, Downstream Retailers provide no support for the proposition that the defendants in the first action understood themselves to represent Downstream Retailers' interests. To the contrary, the *Unicolors I* defendants did not identify Downstream Retailers as having an interest in *Unicolors I* in their Notice of Interested Parties. Additionally, Urban acknowledged that at the outset of *Unicolors I*, and apparently well into discovery, Urban remained unaware of the identities of Downstream Retailers. (*See* Urban's Reply in Support of Its Motion to Intervene, DE 55 at 1:5–12 ("Plaintiff's allegation that Urban had ready access in 2014 to the names of each of the downstream retailers that purchased the allegedly-infringing garment . . . during the brief period of its sale . . . is manifestly untrue and without evidentiary support. The identification and retrieval of the relevant portions of invoices more than three years after the sales took place required significant time and effort . . . .").)

Urban's and Moving Defendants' allusions to Downstream Retailers' demands for indemnification do not establish that Urban represents Downstream Retailers' interests in *Unicolors I*. Neither Moving Defendants nor Urban state that Urban is actually obligated to indemnify Downstream Retailers.[5] They cite no law that states that Urban has a duty to indemnify Downstream Retailers. They did not seek judicial notice of any indemnification agreement, nor is it clear that any such agreement exists. The mere possibility of an obligation to indemnify, unaccompanied by further assurances, does not give rise to an inference that Urban is acting in a representative capacity.

Additionally, there is no indication that the court in *Unicolors I* took care to protect Downstream Retailers' interests.

Therefore, Moving Defendants and Urban have failed to show that Downstream Retailers are in privity with the parties in *Unicolors I*. The Court need not reach the question of whether the two cases

---

[4] In their Motions to Dismiss, Moving Defendants and Urban rely on *Adams*' analysis of privity under the theory of "virtual representation." (*See* Reply, 4:23–24; Urban's Mot., 15:12–19.) The Supreme Court, however, overruled that theory in *Taylor*. *See Taylor*, 553 U.S. at 891 n. 3, 898, 904 (explaining that the Ninth Circuit's "virtual representation" test was nearly identical to that of the D.C. Circuit, and rejecting the D.C. Circuit's theory of virtual representation).

[5] They only state that twenty-seven Downstream Retailers have demanded that Urban indemnify them. (Mot., 10:21–26.) Later, Downstream Retailers refer to "an *alleged* contractual and statutory duty to indemnify." (Mot., 15:4–5 (emphasis added).) For its part, Urban also states that "Urban has an *alleged* duty to defend and indemnify each of the Downstream Retailers for the claims asserted by Plaintiff in both actions." (Urban's Mot., 16:6–8 (emphasis added).)

involve the same claims. The Court finds that Plaintiff did not engage in improper claim splitting and **DENIES** the present Motions to the extent that they are predicated on Rule 12(b)(6).

### B. Joinder of a Required Party

Defendants also argue that this case should be dismissed because Urban is a required party that cannot be joined. A court will grant a motion to dismiss pursuant to Rule 12(b)(7) only if the court determines that (1) the absent party is "required" under Rule 19(a)(1); (2) joinder of the party is not feasible; and (3) the required party is "indispensable," as determined by the factors set forth in Rule 19(b). *E.E.O.C. v. Peabody W. Coal Co.*, 610 F.3d 1070, 1078 (9th Cir. 2010). Under Rule 19, a party is required if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). Because Urban is not a required party, the Court denies Defendants' 12(b)(7) Motion to Dismiss.

"Infringers [of a copyright] are jointly and severally liable for plaintiffs' actual damages . . . ." *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 519 (9th Cir. 1985), *rev'd in part on other grounds*, 886 F.2d 1545 (9th Cir. 1989). The Supreme Court has explained that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990). The D.C. Circuit applied this rule in *Costello Publishing Co. v. Rotelle*, 670 F.2d 1035, 1045 (D.C. Cir. 1981) and overruled the district court's dismissal of counterclaims under 12(b)(7). The *Costello* court held that "it is well established that a suit for [copyright] infringement is analogous to other tort actions[,] and infringers are jointly and severally liable . . . ." *Id.* at 1043. Therefore, the copyright holder may sue any participant in the chain of distribution "as it sees fit." *Id.* at 1044. The court then cited to its statement in a prior case that "'[c]ourts have long held that in patent, trademark, literary property, and copyright infringement cases, any member of the distribution chain can be sued as an alleged tortfeasor.'" *Id.* at 1043 (quoting *Stabilierungsfonds Fur Wein v. Kaiser Stuhl Wine Distribs. Pty., Ltd.*, 647 F.2d 200, 208 (D.C. Cir. 1981)). Courts in the Ninth Circuit have also applied this principle to intellectual property cases. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, No. CV 96-7438, 1997 WL 381967, at *3 (C.D. Cal. 1997) (citing *Costello* and *Stabilierungsfonds Fur Wein*) ("Actions for service mark and trademark infringement generally sound in tort, and thus the plaintiff can cho[o]se to sue less than all of the alleged infringers.").

Moving Defendants attempt to distinguish these cases from the present one by arguing that those authorities "uniformly address allegations of direct, joint infringement as to each of the named defendants." (Reply, 9:19–21.) Yet, Downstream Retailers here are, in fact, sued under a theory of direct infringement. Also, Moving Defendants cite no authority to suggest that such a distinction would alter the analysis.

Because Urban is not a required party, the Court need not consider whether it would be feasible

to join Urban or whether Urban is an "indispensable" party. *See Temple*, 498 U.S. at 8 ("Here, no inquiry under Rule 19(b) is necessary, because the threshold requirements of Rule 19(a) have not been satisfied."). Therefore, the Court **DENIES** Moving Defendants' Motion to Dismiss to the extent that it is predicated on Rule 12(b)(7).

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Moving Defendants' and Urban's Motions.

**IT IS SO ORDERED.**

           :          

**Initials of Preparer**